IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


FILED SEP 21 2016

| LEE CHONG MOUA | : | CIVIL ACTION |
|---|---|---|
| | : | |
| v. | : | No. 15-591 |
| | : | |
| JOHN KERESTES, et al. | : | |

### ORDER

AND NOW, this 21st day of September, 2016, upon careful and independent consideration of Petitioner Lee Chong Moua's pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Thomas J. Rueter and Moua's objections thereto, it is ORDERED:

1. Moua's Objections to the Magistrate's Report and Recommendation (Document 16) are OVERRULED[1];

---

[1] In his objections to the Report and Recommendation, Moua raises no issues that would cause the Court to disturb Judge Reuters's conclusion that the statute of limitations under 28 U.S.C. § 2244(d)(1) bars consideration of Moua's habeas petition.
   Moua asserts he is entitled to equitable tolling due to extraordinary circumstances; namely, attorney abandonment. He provides an undated affidavit of Walt Weaver, asserting he helped Moua retain an attorney, Jack Briscoe, in 1997, but Briscoe took no action between the date of his hire and 2006. Pet'r's Objections, Attach. A. However, even if Moua was abandoned by his attorney, he fails to allege or show he pursued any action to remedy such abandonment, and, therefore, fails to show he diligently pursued his rights. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding equitable tolling of federal habeas statute of limitations permitted only where petitioner shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" (internal quotation marks and citation omitted)); *Ross v. Varano*, 712 F.3d 784, 800 (3d Cir. 2013) (holding an attorney's malfeasance, combined with petitioner's reasonable diligence to pursue his rights, may warrant equitable tolling); *cf. Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 242 (3d Cir. 1999) (holding equitable tolling appropriate where attorney affirmatively misrepresented to his client he timely filed a complaint when he had not and plaintiff demonstrated extreme diligence in pursuing her claim).
   Moua further asserts the Third Circuit's change of law established in *Cox v. Horn*, 757 F.3d 113 (3d Cir. 2014) requires the Court to "take[ ] into account all the particulars of a

ENTERED
SEP 22 2016
CLERK OF COURT

2. The Report and Recommendation (Document 13) is APPROVED and ADOPTED;

3. Moua's Petition for Writ of Habeas Corpus (Document 1) is DENIED;

4. A certificate of appealability shall not issue, as Moua has not demonstrated that reasonable jurists would debate the correctness of this procedural ruling. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

5. The Clerk of Court is DIRECTED to mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

movant's case." Pet'r's Objections at 2-3 (quoting *Cox*, 757 F.3d at 122). The *Cox* court held that although *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) by itself is an insufficient basis for re-opening a federal habeas petition under Federal Rule of Civil Procedure 60(b)(6), *Martinez* in conjunction with other equitable factors could constitute extraordinary circumstances meriting Rule 60(b)(6) relief. *Id.* at 124. *Cox*, however, is inapplicable to the timeliness of Moua's federal habeas petition. Accordingly, Benton's objections are denied.